# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELMAR ANTONIO CASTRO GARCIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | Case No. 2:26-cv-1122-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS, LIFT NO-TRANSFER ORDER, AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF Nos. 1, 9) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Nicaragua who entered the United States on or about January 18, 2022 and was not admitted or paroled. On January 3, 2026, Petitioner was arrested by immigration authorities after a traffic stop of a vehicle in which he was a passenger. Petitioner is currently detained at the California City Correctional Center. (ECF No. 1 at 4–5.[1])

On March 26, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) That same day, the district judge denied

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

the motion for TRO as untimely and "refer[red] the matter to the assigned magistrate judge for a determination on the merits." (ECF No. 4.)

On March 31, 2026, an immigration judge ("IJ") found Petitioner inadmissible, denied Petitioner's applications for relief, and ordered Petitioner removed to Nicaragua. (ECF No. 9-2.) On April 16, 2026, Respondent filed a response. (ECF No. 6.) The Court ordered supplemental briefing in light of the removal order. (ECF No. 8.) On May 21, 2026, Respondent filed a motion to dismiss. (ECF No. 9.) On June 8, 2026, Petitioner filed an opposition. (ECF No. 11.) On June 26, 2026, Petitioner filed a supplemental brief. (ECF No. 12.)

## II.

## DISCUSSION

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). The authority to detain certain noncitizens pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). "Section 1231(a) applies to detention after the entry of a final order of removal" and "does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31. "When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Section 1231 governs detention during this ninety-day removal period, which begins on the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the

noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez, 69 F.4th at 531 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)). "A special statute authorizes further detention if the Government fails to remove the alien during those 90 days." Zadvydas, 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)).

In the motion to dismiss, Respondent argues that "[g]iven Petitioner now has a final order of removal, the Court should dismiss the habeas petition on the basis that Petitioner's detention is mandated by 8 U.S.C. § 1231." (ECF No. 9 at 3.) In the opposition, Petitioner argues:

> The Government attaches a purported "Immigration Judge Removal Order" to its motion. Any such order, if it exists, was obtained in violation of Petitioner's due process rights. After being arrested in Florida, Petitioner was transferred across the country, isolating him from his legal proceedings in Orlando. This transfer made it impossible for him to meaningfully participate, secure counsel, or present his case. An order issued under such fundamentally unfair circumstances cannot be the basis for denying his constitutional right to challenge his unlawful confinement.
>
> Moreover, the existence of a removal order does not moot this habeas petition. The petition challenges ongoing unlawful detention, a harm that continues every day. The right to be free from unlawful restraint is distinct from the right to contest a final order of removal.

(ECF No. 11 at 5 (paragraph numbering omitted).)[2]

Any appeal to the Board of Immigration Appeals of the IJ's removal order was due by April 30, 2026. (ECF No. 9-2 at 11.) As no appeal was received, (ECF No. 9-1 at 2), the order of removal became administratively final at "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals," 8 U.S.C. § 1101(a)(47)(B), and the removal period commenced, 8 U.S.C. § 1231(a)(1)(B)(i). Therefore, Petitioner's detention authority has shifted to § 1231. This Court has found that "[a] petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." Garcia Fernandez v. Chestnut, No. 2:26-CV-00571 JLT EPG (HC), 2026 WL 1457335, at *1 (E.D. Cal. May 22, 2026) (internal quotation marks omitted) (quoting Baires v.

---

[2] There is no indication that the removal order does not exist. To the extent Petitioner wishes to contest the removal order, that issue is not before this Court in this habeas corpus proceeding. See Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012) ("The language of the statute [8 U.S.C. § 1252(a)(5)] is clear. The exclusive means to challenge an order of removal is the petition for review process" before an appropriate court of appeals.)

Lynch, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016)). "Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process." Garcia Fernandez, 2026 WL 1457335, at *1 (citing Ortega v. Warden of Golden State Annex ICE Detention Facility, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); Aguilar Garcia v. Kaiser, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025)). See also Singh v. Warden, No. 1:26-CV-01242-DAD-JDP, 2026 WL 523191, at *2 (E.D. Cal. Feb. 25, 2026) ("[P]etitioner challenges his detention under a theory that his detention has become prolonged in violation of due process. It is unclear whether petitioner was subject to pre-removal custody under § 1225(b), § 1226(a), or § 1182. Nonetheless, that is of no moment here because he is now clearly subject to a final order of removal. This means that his claim has been rendered moot."). Accordingly, the Court recommends finding that the petition is moot.[3]

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED;

2. The Court's no-transfer order (ECF No. 4) be LIFTED; and

3. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days

---

[3] "If Petitioner is not removed within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief." Inamzhon v. Warden of Golden State Annex, No. 1:25-CV-01059-SKO (HC), 2025 WL 3080525, at *3 (E.D. Cal. Nov. 4, 2025).

after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge